IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNY SHIPTOSKI, on behalf of herself and similarly situated employees,<br>　　　　　　　　Plaintiff,<br>　　v.<br>SMG GROUP, LLC,<br>　　　　　　　　Defendant. | CIVIL ACTION<br><br>ELECTRONICALLY FILED ON JUNE 20, 2016<br><br>CLASS/COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

# COMPLAINT - CLASS/COLLECTIVE ACTION

Plaintiff Jenny Shiptoski ("Plaintiff"), on behalf of herself and similarly situated employees, brings this class/collective action lawsuit against Defendant SMG Group, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*  Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.  See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (FLSA collective claims and Rule 23 class claims may proceed together in same action).

# JURISDICTION AND VENUE

1.　　Jurisdiction over Plaintiff's FLSA claim is proper under 29

U.S.C. § 216(b) and 28 U.S.C. § 1331 and § 1332.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Old Forge, Pennsylvania (Lackawanna County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is headquartered in Allentown, PA (Lehigh County).

7. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

8. According to Defendant's Employee Handbook provided to Plaintiff, Defendant provides "dealer programs and company operations in branded gas, convenience store services and car wash operations in the Northeast US."

9. Since approximately November 2013, Plaintiff has been employed by Defendant as a Store Manager ("SM") and was assigned to Defendant's stores located in Scranton, PA; Dunmore, PA; and White

Haven, PA.[1]

10. Defendant paid Plaintiff a salary while she was employed as a SM.

11. Plaintiff spent almost all of her time as a SM performing non-managerial duties such as, for example, servicing customers, stocking shelves, working the cash register, and cleaning the store.

12. Plaintiff often worked over 40 hours per week as a SM. In particular, Plaintiff estimates that she regularly worked between 50 and 70 hours during a typical week and sometimes more.

13. Defendant did not pay Plaintiff any compensation for hours worked over 40 per week while she was employed as a SM.

14. During the past three years, Defendant has employed over one-hundred SMs at its stores.

15. Regardless of store location, Defendant's SMs are paid a salary.

16. Regardless of store location, Defendant's SMs are classified as exempt from receiving overtime pay.

17. Regardless of store location, Defendant's SMs work over 40 hours per week.

18. Regardless of store location, Defendant does not pay its SMs

---

[1] Plaintiff has not worked for Defendant since mid-January 2016 when she requested time off under the Family Medical Leave Act.

any compensation for hours worked over 40 per week.

19. Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to pay Plaintiff and other SMs any compensation for hours worked over 40 during the workweek.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings her FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of: All SMs employed by Defendant or any of its affiliated companies in the United States in the past three years.

21. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

22. Plaintiff brings her PMWA claim pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of all SMs employed by Defendant or its affiliated companies in Pennsylvania in the past three years.

23. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class

action requisites are satisfied.

24. The class is readily ascertainable based on Defendant's standard payroll records and is so numerous that joiner of all class members is impracticable.

25. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

26. Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

27. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide pay policies, as summarized herein. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

28. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## (Alleging FLSA Violations)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. Plaintiff and the collective are employees entitled to the FLSA's protections.

31. Defendant is an employer covered by the FLSA.

32. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular pay rate for all hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

33. Defendant violated the FLSA by failing to pay Plaintiff and the collective any compensation, including overtime premium compensation, for hours worked over 40 per week.

34. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, thus, has committed a willful violation of the FLSA.

## COUNT II
## (Alleging PMWA Violations)

35. All previous paragraphs are incorporated as though fully set forth herein.

36. Plaintiff and the class are employees entitled to the PMWA's

protections.

37. Defendant is an employer covered by the PMWA.

38. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

39. Defendant violated the PMWA by failing to pay Plaintiff and other Rule 23 class members any overtime premium for hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the proposed class and collective, seeks the following relief:

A. Unpaid overtime wages (including overtime wages) and prejudgment interest;

B. Liquidated damages;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial as to all claims so triable.

7

| | |
|---|---|
| Date: June 20, 2016 | <u>/s/ Mark J. Gottesfeld</u><br>Peter Winebrake<br>R. Andrew Santillo<br>Mark J. Gottesfeld<br>WINEBRAKE & SANTILLO, LLC<br>715 Twining Road, Suite 211<br>Dresher, PA 19025<br>Phone:  (215) 884-2491<br>mgottesfeld@winebrakelaw.com<br><br>*Attorneys for Plaintiff* |